FILED

2022 Jul-05  PM 06:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| **RUBIN LUBLIN LLC,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:20-CV-395-RDP** |
| | } | |
| **JON MICHAEL BRYANT, JR., et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## <u>MEMORANDUM OPINION</u>

This matter is before the court on Plaintiff's Motion for Default Judgment. (Doc. # 61). For the reasons provided below, the motion is due to be granted.

### I.    Background

Rubin Lublin, LLC, filed this interpleader action in the Circuit Court of Jefferson County, seeking a determination on the proper disbursement of the excess funds from a foreclosure sale. (*Id.*). Rubin Lublin sued Jon Michael Bryant, Jr., Alison B. Bryant, D.R. Jones, the Department of Housing and Urban Development ("HUD"), and Wicks Properties as Defendants/potential claimants to the excess funds. (Id. at 2-4). After the action was removed to this court by HUD (Doc. # 1), Plaintiff substituted Thomas Davis Jones and Donald Richard Jones, III as the co-executors of the Estate of D.R. Jones. (Doc. # 5 at 2-3). HUD answered the complaint on May 11, 2020, and Wicks Properties filed its answer on June 15, 2020. (Docs. # 2, 6). The individual Defendants -- the Bryants and the Joneses -- have not answered or appeared. The Clerk of Court entered default against Thomas Jones and Donald Jones on March 11, 2021 (Doc. # 26), and against Jon Bryant and Alison Bryant on May 16, 2022 (Doc. # 57).

## II.    Analysis

In accordance with Rule 55 of the Federal Rules of Civil Procedure, a court may enter a default judgment against a party who has failed to plead or otherwise defend.[1] In the context of an interpleader action, "default judgment may be entered against any named and served interpleader defendant who fails to respond to the interpleader complaint. This is to protect the interpleader plaintiff and other defendants by removing from the litigation any party who expresses no interest in the *res*." *Protective Life Ins. Co. v. Tinney*, No. 2:14-CV-02251-TMP, 2015 WL 1402464 at *4 (N.D. Ala. Mar. 25, 2015) ("Without the ability to enter a default judgment against an interpleader defendant who refuses to appear in the action, the court is unable to provide relief to the remaining defendants. If an interpleader defendant can prevent the resolution of an interpleader by simply refusing to appear in the action, the court cannot effectively and finally address the distribution of the interpleader *res*."). In effect, "[a] named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the *res* forfeits any claim of entitlement that might have been asserted." *Id.* (quoting *Sun Life Assurance Co. of Canada v. Conroy*, 431 F. Supp. 2d 220, 226 (D.R.I. 2006)).

The well-pleaded allegations in the First Amended Complaint evidence that there is a single fund that is potentially subject to adverse claims by Defendants and that Plaintiff is a disinterested stakeholder, except for seeking attorney's fees and costs. Accordingly, this interpleader action is properly before the court.[2]

---

[1] Here, the Defaulting Defendants are not infants, incompetent, or members of the military. Therefore, the additional requirements in Rule 55(b)(2) and the Servicemembers Civil Relief Act do not apply. *See* 50 U.S.C. § 3931; Fed. R. Civ. P. 55(b)(2).

[2] The court has discretion to determine if entry of a default judgment is appropriate. *See Hamm v. Dekalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985). "[A] default  judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997).

**A.      Jon Michael Bryant, Jr.**

Jon Bryant was properly served with process on March 30, 2022. (Doc. # 48). He failed to plead, answer, or otherwise defend as to the complaint. Upon a joint motion from Plaintiff, HUD, and Wicks Properties, the Clerk of Court entered default against Jon Bryant. (Doc. # 57). Due to his failure to respond to the complaint within the time prescribed by the Federal Rules of Civil Procedure and his failure to otherwise appear or defend in this action, Jon Bryant has forfeited "any claim of entitlement that might have been asserted." *Sun Life Assur. Co. of Canada*, 431 F. Supp. 2d at 226.

**B.      Alison B. Bryant**

Alison Bryant was properly served with process on February 24, 2022. (Doc. # 46). She failed to plead, answer, or otherwise defend as to the complaint. Upon a joint motion from Plaintiff, HUD, and Wicks Properties, the Clerk of Court entered default against Alison Bryant. (Doc. # 57). Due to her failure to respond to the complaint within the time prescribed by the Federal Rules of Civil Procedure and her failure to otherwise appear or defend in this action, Alison Bryant has forfeited "any claim of entitlement that might have been asserted." *Sun Life Assur. Co. of Canada*, 431 F. Supp. 2d at 226.

---

There are two types of interpleader actions: (1) rule interpleader under Federal Rule of Civil Procedure 22 and (2) statutory interpleader under 28 U.S.C. § 1335. Here, Plaintiff does not specify which type of interpleader action it seeks, even though each type has separate jurisdictional requirements and provides for different remedies. For example, § 1335 vests the district courts with original jurisdiction when the interpleaded funds amount to $500, there is minimal diversity between the claimants, and the plaintiff pays the contested funds into the registry of the court. 28 U.S.C. § 1335(a); *see State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967).

The court notes that, from the face of the complaint, this action satisfies the jurisdictional requirements for statutory interpleader. The funds at issue amount to $63,174.21 (Doc. # 5 at 3); there is minimal diversity amongst the claimants (*Id.* at 2-3); and Plaintiff expressed its intention to deposit the funds into the registry of the court, which occurred on May 4, 2022 (*Id.* at 6; Doc. # 54). Because the court finds that it has jurisdiction to adjudicate this action under statutory interpleader, it is unnecessary to address at this time the requirements of rule interpleader.

**C.     Thomas Davis Jones**

Thomas Jones was properly served with process on September 16, 2020. (Doc. # 16). He failed to plead, answer, or otherwise defend as to the complaint. Upon a motion from Plaintiff, the Clerk of Court entered default against Thomas Jones. (Doc. # 26). Due to his failure to respond to the complaint within the time prescribed by the Federal Rules of Civil Procedure and his failure to otherwise appear or defend in this action, Thomas Jones has forfeited "any claim of entitlement that might have been asserted." *Sun Life Assur. Co. of Canada*, 431 F. Supp. 2d at 226.

**D.     Donald Richard Jones, III**

Donald Jones was properly served with process on January 7, 2021. (Doc. # 20). He failed to plead, answer, or otherwise defend as to the complaint. Upon a motion from Plaintiff, the Clerk of Court entered default against Donald Jones. (Doc. # 26). Due to his failure to respond to the complaint within the time prescribed by the Federal Rules of Civil Procedure and his failure to otherwise appear or defend in this action, Donald Jones has forfeited "any claim of entitlement that might have been asserted." *Sun Life Assur. Co. of Canada*, 431 F. Supp. 2d at 226.

**III.   Conclusion**

The well-pleaded allegations in the First Amended Complaint evidence that this interpleader action is properly before the court, and Defaulting Defendants forfeited any claim of entitlement to the interpleaded funds by failing to respond or otherwise defend as to the complaint. Accordingly, Plaintiff's motion is due to be granted.

A separate order in accordance with this memorandum opinion will be entered.

**DONE** and **ORDERED** this July 5, 2022.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

4